IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE POOLE AND KENT
CORPORATION,
    Plaintiff

v.                                        CIVIL NO. AMD 02-206

McCARTHY BUILDING COS., INC.,
    Defendant

THE POOLE AND KENT
CORPORATION,
    Plaintiff

v.                                        CIVIL NO. AMD 02-207

McCARTHY BUILDING COS., INC.,
    Defendant

...oOo...

MEMORANDUM

These cases are construction contract disputes. The claims arise out of two subcontracts for mechanical work entered into by Plaintiff, The Poole and Kent Corporation, and the predecessor-in-interest of Defendant McCarthy Building Cos., Inc., dated August 26, 1998, and January 22, 1999, respectively, in connection with a major construction project at the Department of Health and Human Services' National Institutes of Health campus in Bethesda, Maryland. Jurisdiction exists under 28 U.S.C. § 1332. Now pending in each case is Defendant's Motion to Dismiss or, in the Alternative, to Stay Proceedings, Transfer Venue and Compel Alternative Dispute Resolution. No hearing is necessary. Local Rule 105.6. For the reasons set forth below, the motion shall be granted in part and the parties shall be

ordered to engage in good faith efforts to comply with the alternative dispute provisions of the applicable contracts.

The Federal Arbitration Act, 9 U.S.C § 1 *et seq.*, enunciates a strong "federal policy favoring arbitration," *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), requiring courts to "rigorously enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). The FAA provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Act also provides that a court must stay its proceedings if it is satisfied that an issue before it is arbitrable under the agreement, 9 U.S.C. § 3; and the Act authorizes a federal district court to issue an order compelling arbitration if there has been a failure to comply with the arbitration agreement, 9 U.S.C. § 4.

Consequently, "the Act establishes that, as a matter of law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." *Moses H. Cone Hosp.*, 460 U.S. at 24-25. It "leaves no place for the exercise of discretion by the district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc.*, 470 U.S. at 218; *see also Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 225-27 (1986); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991), *aff'g* 895 F.2d 195 (4th Cir. 1990).

In the present cases, the relevant agreements are "quick" with provisions for alternative dispute resolution. Indeed, a principal point of contention between the parties is which of two arguably controlling provisions for ADR, one more detailed than the other, should apply. This dispute is exacerbated by Defendant's understandable concern that it not be prejudiced by having to adjudicate claims separately with Plaintiff here, on the one hand, and the government's project manager, Boston Properties, Inc., to whom Defendant would ascribe all or a portion of the fault for Plaintiff's increased costs under the subcontracts, on the other hand.

Although the briefing on the motions is not yet completed, as both Plaintiff and Defendant have asked, in the alternative, that the Court order the parties to pursue in genuine good faith and without further delay a form of alternative dispute resolution, I have determined to order exactly that. The Defendant's contention that this court lacks subject matter jurisdiction in these cases appears, frankly, to be specious, although Defendant also contends, in the alternative, that the scope of remedies available to Plaintiff may be limited by the contracts' ADR provisions. I need not finally resolve that issue at this time. Furthermore, although Plaintiff's contention that Defendant has waived its right to have the Court enforce the ADR provisions in the respective contracts is certainly legally cognizable, so far the delay has not been inordinate, "bad faith" has not been demonstrated, and Defendant's concern about inconsistent outcomes is not wholly unwarranted.

In any event, I shall stay these cases for a period of 120 days and then make an

assessment of whether the parties are proceeding in good faith. An order follows.[*]

Filed: April 22, 2002

_____
ANDRÉ M. DAVIS
United States District Judge

---

[*]Defendant's request, supported by argument covering four pages of its memorandum, to transfer this case to the Southern Division of this District, is denied. Nonetheless, counsel should rest assured that it is my routine practice, upon request and as appropriate, to conduct hearings and trials in the Southern Division courthouse in cases where parties, counsel, and witnesses are from that Division. In any event, Washington, D.C.- based counsel (and his Montgomery County-based clients) would find, I am confident, that the ambience of the City of Baltimore, where the courthouse is a mere 30 minutes from the Southern Division courthouse (counsel would especially enjoy our new lawyers' lounge and conference room), is really quite nice.